## John Harris *versus* Isaac Brooks Junior.

A parol declaration by the holder of a promissory note to the surety, after the note has fallen due, that he will exonerate the surety and look to the principal, is a good defence in an action by the holder against the surety ; and if the relation of the makers is not apparent on the face of the note, parol evidence is admissible to prove that the defendant signed as surety, and that this was known to the holder at the time when he made such declaration.

Assumpsit on the following promissory note : " Boston, August 16, 1832. For value received, we promise to pay Abel Parker, or order, five hundred dollars in thirty days and grace. Reuben Damon, Isaac Brooks junior." The note was indorsed by Parker, the payee.

At the trial, before *Morton* J., the defendant introduced evidence tending to show, that the note was in the hands of one Barnard from about the time when it became due, until 1835 ; that it was an accommodation note made for the benefit of Damon to enable him to raise money, or, if such was not the original agreement between Damon and the defendant, yet that, in the result, Damon had received the whole benefit of the note, so that the defendant had assumed the character of a surety ; that soon after the note became due, the defendant called on Barnard for the note and said if he had to pay it, he wished to attend to it soon, as he then could get security of Damon ; that Barnard replied, that Damon received the money on the note, he ought to pay it, and he (Barnard) would look to him for payment, and that the defendant need not give himself any trouble about the note, for he should not be injured.

Upon this evidence the judge instructed the jury, that if the defendant was a surety, and this was known to Barnard when the above declaration was made by him, and if, in consequence thereof, the defendant omitted to take up the note and secure himself out of the property of Damon, he was legally discharged from his liability ; and that the defendant might be deemed a surety, if the original agreement between him and Damon was, that the note should be used for the sole benefit of Damon, or if it was subsequently agreed between them, that he should have the sole benefit of the note, and he did in fact receive the whole proceeds of the note

Harris
v.
Brooks.

The jury returned a verdict for the defendant.

The plaintiff excepted to the above instructions  If the Court should be of opinion that they were wrong, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

Jan. 23d,
1839,
at Boston.
ın. 30th.

Farley and A. W. Austin, for the plaintiff.

Keyes, for the defendant.

SHAW C. J. delivered the opinion of the Court.  We are now to take it as found by the jury, under the instruction given them, that for several years after this note became due, Barnard was the indorsee and holder of it, that as between the two promisors, it was an accommodation note, that is, that the money raised upon it, was raised for the benefit of Damon and went to his use, that this was known to the holder, that after it became due, Brooks expressed a willingness to pay it, and if he was to pay it at all, wished to pay it then, because he could then get security of Damon, and that the holder then verbally discharged him, and agreed to look to Damon alone, recognising him as principal.

The Court are of opinion, that the instruction was correct, and that upon these facts, the defendant was not liable.

It is very true that an agreement between two promisors of a note, that the one shall take the whole of the proceeds and pay the whole note when due, cannot affect the rights of the holder, unless he will take notice of it, and act upon it.

The presumption, that two or more promisors of a note are equally responsible for its ultimate payment, so that if one pays the whole he shall have contribution, may be rebutted by showing that one signed for the accommodation and as surety for the other.  So in this case, if upon the facts now proved, Brooks had paid the note, he would have had a remedy against Damon, not for a contribution only, but for an entire reimbursement.  So if Damon had paid it, he would have had no claim on the defendant for contribution.  So, where one of two promisors annexes the word "principal" to his signature, and the other "surety," these descriptions do not affect the terms of legal effect of the contract, they are equally bound to the promisee or indorsee as if such words of description had not been annexed.  They indicate

<div style="float:right">Harris
*v.*
Brooks.</div>

the relation in which the parties stand to each other, and notice of such relation to the holder. But the fact of such relation, and notice of it to the holder, may, we think, be proved by extrinsic evidence. It is not to affect the terms of the contract, but to prove a collateral fact and rebut a presumption. It goes to show, that the defendant was in fact a surety ; and the rights of contribution result accordingly. Had the parties appeared on the note, the one as principal, and the other as surety, a parol declaration of the holder to the surety, that he would exonerate him and look to the principal only, is a good defence, on the ground, that it lulls the party into security and prevents him from obtaining his indemnity ; and it would be fraud on the part of the holder, afterwards, contrary to such assurance, to call upon such surety. We think the same result follows where the fact is proved by other evidence. Here the assurance was given, after the note was due, by Barnard, who was the holder of the note, with full power of disposing of it. The present plaintiff, having taken the note by indorsement, long after it was due, took it as a dishonored note, and liable to any defence which could be made to it, had the suit been brought by Barnard.

*Judgment on the verdict for the defendant.*